GEORGE P. VAN VECHTEN, DEFENDANT IN ERROR, v. JAMES McGUIRE, PLAINTIFF IN ERROR.

Submitted March 22, 1904—Decided June 20, 1904.

1. An omission to set out, in the state of the case sent up to the Supreme Court on appeal from the judgment of a District Court, a material fact, found by the District Court from the testimony submitted on the trial, affords no ground for reversing the judgment.
2. On appeal from the judgment of a District Court, in a cause tried by the court without a jury, the state of the case sent up should contain, not the testimony submitted by the parties at the trial, but the facts found by the court from such testimony.

---

On error to the Supreme Court.

For the plaintiff in error, *Alexander Simpson.*

For the defendant in error, *I. Faerber Goldenhorn.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ in this case brings up for review a judgment of the Supreme Court affirming a judgment of the District Court of Jersey City, brought before it by appeal under the statute of April 3d, 1902. The provision of the act is that if either party, in any action or proceeding in any District Court, shall be dissatisfied with the determination or direction of such District Court in point of law, or upon the admission or rejection of evidence, such party may appeal from the same to the Supreme Court. Such appeal shall be in the form of a case agreed upon by the parties, or, if they cannot agree, the judge, on being applied to, shall settle the case. *Pamph. L.* 1902, *p.* 566.

The state of the case sent up to the Supreme Court consists of a recital of the issuing of the summons, a statement of the contents of the state of demand, a synopsis of the evidence produced at the trial and the judgment rendered. The only assignment of error is directed at the state of the case, which is alleged to be defective because it fails to set out that certain facts, the existence of which was necessary to justify the rendering of judgment in favor of the defendant in error, were found by the District Court. But, manifestly, a defect in the state of the case affords no ground for reviewing the judgment. By the terms of the statute the appeal presents for review only errors of law committed "in the determination or direction of the District Court, or upon the admission or rejection of evidence," and the judgment brought up can only be reversed when the state of the case shows the existence of such errors. If an error of the kind specified is alleged to have been committed, but does not appear in the state of the case, the remedy of the party aggrieved is to apply to the Supreme Court, or a justice at chambers, upon an allegation of diminution of the record, for a rule upon the District Court judge to certify the facts which it is claimed show the existence of such error.

It may be well to add that the objection made to the state of the case by the plaintiff in error, although it affords no

ground for reversing the judgment, is well founded. The appeal provided by the statute is in the nature of a writ of error, and the state of the case, sent up when the trial has been had before the court without a jury, should contain, not the testimony produced at the trial, but the facts found by the judge from that testimony. The review by the Supreme Court is confined to errors of law, and it is not the province of that court to consider the weight of the testimony, nor the conclusions of fact to be drawn from it: It is only where it is alleged that there was no legal evidence produced before the District Court upon which its finding of fact can be supported, or that there was error committed in the admission or rejection of evidence, that the Supreme Court will receive and examine the testimony, and then it will receive only so much of the evidence as is material upon the alleged error which is made the ground of the appeal, and will examine it only for the purpose of ascertaining whether the allegation is well founded. *Lush* v. *Foster,* 15 *Vroom* 378; *Roehers* v. *Remhoff,* 26 *Id.* 475; *Monitor Lodge* v. *Goldy,* 29 *Id.* 119; *Shangnuole* v. *Ohl, Id.* 557; *McAdam* v. *Block,* 34 *Id.* 508; *Kavenny* v. *Boland,* decided at June Term, 1904, of the Supreme Court.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, FORT, HENDRICKSON, PITNEY, BOGERT, VREDEN-BURGH, VROOM, GREEN, GRAY. 11.

*For reversal*—None.